Opinion filed March 11,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00108-CV

                                                     __________

 

                                  MICHAEL
W. WATERS, Appellant

                                                             V.

                                    RONALD
D. DICKENS, Appellee



 

                                   On
Appeal from the 266th District Court

                                                            Erath
County, Texas

                                                   Trial
Court Cause No. CV28289

 



 

                                       M E M O R A N D U
M   O P I N I O N   O N

M O T I O N   F O
R   R E H E A R I N G

 

            Ronald
D. Dickens’s motion for rehearing is granted.  This court’s original opinion and
judgment dated December 3, 2009, are withdrawn, and the following is
substituted therefor.

            Michael
W. Waters sued Ronald D. Dickens and alleged that Dickens negligently injured
him.  The injuries occurred when a bungee cord or strap struck Waters in the
eye.  Dickens filed a no-evidence motion for summary judgment, and the trial
court granted it.  Waters appeals from the take-nothing summary judgment that
the trial court entered against him.  We affirm.

In
his sole issue, Waters argues that he produced more than a scintilla of evidence
in response to the no-evidence motion for summary judgment and that the trial
court erred when it granted it.  

We
review a no-evidence summary judgment under the same standard as a directed
verdict.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003).  We examine the record in the light most favorable to the nonmovant.  We
credit evidence favorable to the nonmovant if reasonable jurors could, and we
disregard all contrary evidence and inferences unless reasonable jurors could
not.  Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009).  A
trial court must grant a proper no-evidence motion for summary judgment unless
the nonmovant produces more than a scintilla of probative evidence to raise a
genuine issue of material fact.  Tex. R.
Civ. P. 166a(i); Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d
502, 506 (Tex. 2002).  If the evidence is such that it would enable reasonable
and fair-minded people to differ in their conclusions, then it is more than a
scintilla.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004). 


            When
Waters responded to the no-evidence motion for summary judgment, he attached
excerpts from his deposition.  In that testimony, Waters said that his wife
sold a refrigerator to Dickens.  Waters put the refrigerator on a piano dolly
so that it would be easier to move.  He also put two of his bungee cord straps
around the refrigerator so that the doors would not open when they moved it. 
Waters put the bungee straps on the refrigerator.  He testified that the straps
were very tightly stretched and that “[t]hey were pretty much at their limit.”

            After
Waters and Dickens rolled the refrigerator down the driveway to Dickens’s
vehicle, Waters began to remove one of the bungee cords.  In his affidavit,
Waters stated that, when he was in the process of removing the cord or strap,
“[Dickens] came from behind me, and he just took the other one loose and let it
go.”  He also said, “Now, I don’t know whether he accidentally released it or
if he just didn’t . . . think about what was going to happen when he turned
loose of it, or if he thought, well, I’m going to pop him on the shoulder or
the arm.  You know, he’s sometimes a cutup, so I don’t know.”  In his
testimony, Waters also commented, “[Dickens] was very, you know, sorry, just
very remorseful that this had happened, and he was, you know, just -- just beside
himself with concern.”  “[H]e just said, I didn’t know that would happen, I’ve
not had any experience with these, I’ve never used those before, I’m sorry, I
just -- You know, he was obviously distressed.”  Waters stated further, “He
came from my left up from behind me there and -- and see, I didn’t ever -- I
didn’t see him release the other one, so I don’t really know exactly how he
approached.  I didn’t know he was releasing it until it -- until I was hit.” 
According to his summary judgment proof, when asked whether he had seen Dickens
unbuckling the strap, Waters answered, “No, I didn’t see him do it.” 

To
sustain a cause of action for negligence, it is necessary to produce evidence
of a duty, a breach of that duty, proximate cause, and damage.  Colvin v.
Red Steel Co., 682 S.W.2d 243, 245 (Tex. 1984).  The duty Dickens owed Waters
was to act as a reasonable prudent person would act under the same or similar
circumstances regarding any reasonably foreseeable risk.  Id.  The
difficulty for Waters in this case is that the summary judgment evidence does
not show whether  Dickens acted as a reasonable prudent person or not; the
summary judgment evidence does not show what, if anything, he did or how he did
it.  Waters testified that he did not see Dickens undo the strap.  Inasmuch as Waters
did not see Dickens undo the strap, then Waters could not and did not testify
that Dickens did so negligently.  

A
party may establish any material fact by direct evidence or by circumstantial
evidence.  But, if the evidence does no more than create a suspicion or is no
more than a surmise, then the evidence does not amount to more than a
scintilla.  Ridgway, 135 S.W.3d at 601.  An inference that is not more
than a guess is in effect no evidence.  Id.  Although Dickens expressed
the facts that he was sorry, that he was concerned, and that he was not
familiar with the type bungee cord straps that Waters used, those statements do
not supply the missing evidence.  Further, under the pleadings and summary
judgment evidence in this case, the mere fact that Waters was injured by the
bungee strap does not supply the missing evidence that Dickens acted in a
negligent manner.  Waters was obligated to produce more than a scintilla of
probative evidence that Dickens acted in a negligent manner.  Because Waters
did not produce more than a scintilla of probative summary judgment evidence to
show that Dickens acted in a negligent manner and because that is an element of
his case, we overrule Waters’s sole issue on appeal.

We
affirm the judgment of the trial court.

 

                                                                        JIM
R. WRIGHT

March 11, 2010                                                           CHIEF
JUSTICE 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.